## HEEIA SUGAR PLANTATION COMPANY *vs.* KAHANA-MOKU *et al.*

INTERMEDIARY COURT.    BEFORE JUDD, C.J.

JANUARY, 1883.

A foreign corporation, that has failed to comply with our laws as to registration, held not entitled to bring a suit against contract laborers for refusal of duty.

DECISION OF JUDD, C.J., ON APPEAL FROM DISTRICT JUSTICE OF KOOLAUPOKO.

The defendants are laborers contracted to work for John McKeague and John McKeague & Co., and have refused to work for the plaintiffs on the ground that the plaintiffs are not the parties with whom defendants contracted.

Among the papers introduced in evidence is a deed of conveyance dated 30th June, 1882, whereby John McKeague sold to the Heeia Sugar Plantation Company, a corporation "organized and existing under the laws of the State of California, U. S. A., and carrying on business at Heeia, Koolaupoko, Island of Oahu," all the property comprising the Heeia Plantation, in consideration of the sum of one dollar, and for other good and valuable considerations, which Mr. McKeague says was the issuance to him of 40,000 shares of the stock of the corporation.

The plaintiffs, then, are a foreign corporation carrying on business in this Kingdom.

Section 1 of Chap. XI of the laws of 1878, entitled "An Act Providing for the Service of Process on Foreign Corporations," requires that there shall be filed in the Department of the Interior within twenty days after commencing to do business in this Kingdom, a designation of some person residing in the principal place of business of the corporation in this Kingdom, upon whom process by authority of or under any law of this Kingdom may be served; and in Section 2 of this act it is

provided that every corporation failing to comply with the provisions of the first section "shall be denied the benefit of the laws of this Kingdom." The plaintiffs have not complied with this law.

In my opinion this 2d section debars the plaintiff from the right to bring an action in the Courts of this Kingdom in its corporate capacity. It would be manifestly unjust to allow a corporation, which has no legal existence under our laws and which has not designated any person to represent it, upon whom service of process can be validly made, to bring suits, and the statute is clear and explicit that a corporation in such case shall be denied the benefit of the laws of this Kingdom.

. The King alone has this immunity in this Kingdom.

The plaintiffs, therefore, cannot maintain these actions and are nonsuited.

*J. M. Davidson*, for plaintiffs.

*F. M. Hatch*, for defendants.

Honolulu, January 3d, 1883.

